The People v. Samuel A. Walling.

*Liquor-traffic—Imported liquors—Taxation—How. Stat. §§ 1277-80.*

1. The act taxing the wholesale importation of liquors from other States (How. Stat. §§ 1277–80) is not unconstitutional either as a license law, or as infringing the exclusive power of Congress to regulate commerce among the States, or as violating the guarantee of equal rights in all the States, or as laying a tax on imports.

2. Taxation and regulation of the liquor traffic does not amount to licensing it, but is an exercise of the police power of the State.

3. The clause in the Federal Constitution forbidding the States to lay any tax or duties on imports or exports relates only to goods coming from foreign countries or going there; it does not concern the taxation of inter-State commerce for police purposes.

Exceptions before judgment from Kent. (Montgomery, J.) January 29.—April 9.

Complaint for unlawful sale of liquor. Conviction affirmed.

*Powers & Oxenford* for respondent appellant, as to imports between states, cited *Hinson v. Lott* 8 Wal. 148; *Guy v. Baltimore* 100 U. S. 438; *Ward v. Maryland* 12 Wal. 418; *Welton v. Missouri* 91 U. S. 275; *Webber v. Virginia* 103 U. S. 344; *Daniel v. Richmond* 78 Ky. 544; *State v. Furbush* 72 Me. 495; *McGuire v. Parker* 32 La. Ann. 832; *Pierce v. State* 13 N. H. 582; *Cranson v. Smith* 37 Mich. 311; *In re Rudolph* 6 Saw. 295; *State v. North* 27 Mo. 467; *State v. Browning* 62 Mo. 591; *Mobile v. Kimball* 102 U. S. 691; *Wiley v. Parmer* 14 Ala. 627; *Scott v. Watkins* 22 Ark. 556; *Oliver v. Washington Mills* 11 Allen 268.

Attorney General *Jacob J. Van Riper* for the People. Taxation of the liquor traffic is constitutional as part of the police power of the State: *Bartemeyer v. Iowa* 18 Wal. 129; *License Cases* 5 How. 504; a state may tax occupations: *Nathan v. Louisiana* 8 How. 80; imports and exports relate only to foreign trade: *Woodruff v. Parham* 8 Wal. 123; taxation of the right to sell merchandise

brought from another state is valid if there is no unjust discrimination: *Ward v. Maryland* 12 Wal. 418; *People v. Maring* 3 Keyes 374; *Gibbons v. Ogden* 9 Wheaton 199; *Hinson v. Lott* 8 Wall. 151; *Conner v. Elliott* 18 How. 593; *State v. North* 27 Mo. 467; *Paul v. Virginia* 8 Wall. 177; Cooley's Const. Lim. 16; *Machine Co. v. Gage* 100 U. S. 676.

SHERWOOD, J. The defendant was prosecuted under Act 226, Pub. Acts of 1875 (being How. Stat. §§ 1277–1280), for soliciting and taking orders from citizens of this State for spirituous and intoxicating liquors to be shipped into this State and furnished and supplied at wholesale by a copartnership not a resident of this State, nor having its principal place of business therein, without having first paid the tax required by said Act. The defendant based his defense upon the unconstitutionality of the statute, which reads as follows:

"Section 1. *The People of the State of Michigan enact:* That every person who shall come into, or being in this State, shall engage in the business of selling spirituous and intoxicating, malt, brewed, or fermented liquors to citizens or residents of this State, at wholesale, or of soliciting or taking orders from citizens or residents of this State for any such liquors, to be shipped into this State, or furnished, or supplied at wholesale to any person within this State, not having his, their, or its principal place of business within this State, shall, on or before the fourth Friday of June in each year, pay a tax of three hundred dollars if engaged in selling, or soliciting, or taking orders for the sale of such spirituous and intoxicating liquors, and one hundred dollars for malt, brewed, or fermented liquors. Such tax shall be paid to the auditor general, and be by him paid into the State treasury, to the credit of the general fund.

Sec. 2. Upon the payment of such tax the auditor-general shall issue to such person a receipt therefor, and in case of loss thereof, a duplicate, when required by the person to whom the original receipt was issued. Every person making sales, or soliciting, or taking orders, as in the first section of this act provided, shall exhibit such receipt to every person to whom he makes sale, or from whom he takes or solicits orders for such liquors, and shall exhibit such receipt to any supervisor, justice of the peace, sheriff, under or deputy

sheriff, city or village marshal, chief of police, policeman, or constable, when required so to do, during business hours.

Sec. 3.  Any person liable to pay a tax under this act, who shall sell any liquors, or solicit or take orders for liquors to be shipped from without this state to any person within this state, furnished or supplied by a person, copartnership, association, or corporation not resident in, or having his, their, or .its principal place of business within this state, without the tax herein provided for having been paid, and having in his possession and exhibiting the receipt therefor, or a duplicate thereof; and any person residing or being in this state, who shall purchase liquors from a person liable to pay a tax under this act, who has not paid such tax, or shall give an order for liquors to such person liable to pay a tax under this act, which order is to be filled, and such liquors are to be shipped from without this state to a person within this state, furnished or supplied by a person, copartnership, association, or corporation, not resident in or having his, their, or its principal place of business within this state, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than twenty-five nor more than one hundred dollars; and in default of payment thereof shall be imprisoned not less than ten nor more than ninety days, or both such fine and imprisonment, in the discretion of the court.

Sec. 4.  Selling at wholesale shall be deemed to mean and include all sales of such spirituous and intoxicating, malt, brewed, or fermented liquors in quantities of five gallons or over, or one dozen quart bottles or more, or soliciting orders therefor at any one time of any person.

Defendant claims and insists that this Act is in conflict with paragraph three of section 8 and with section 10, art. I, and paragraph one of section 2, art. IV, of the Federal Constitution.  Defendant also claims that this statute violates sec. 47 of art. IV of the Constitution of this State, for the reason that it licenses the sale of spirituous liquors, which was prohibited by that section when the statute was enacted, but since that repealed.

The cause was first tried before Judge Holmes, in police court at Grand Rapids.  The defendant was convicted, and required to pay a fine of twenty-five dollars and costs of prosecution.  On appeal to the circuit court, a trial was there had

by a jury before Judge Montgomery, and the respondent was again convicted.

The case now comes before us on error, the record containing a bill of exceptions.

The constitutional questions raised upon the record were those discussed before us on the hearing, and they only will be considered by this Court. The imposition of the tax upon the business of selling intoxicating liquor is not a license, and is not a violation of the Constitution of our State, as supposed by counsel for defendant. The business contemplated by the statute is selling liquors to residents of this State, which are to be supplied from manufactories out of the State. The statute does not create or authorize the business, but rather assumes its existence, (whether lawful or not, can make no difference,) and, viewing the traffic with disfavor, the Legislature of Michigan, as has the law-making power of every civilized state and nation during the last hundred years, by resort to the police power sought in various ways to prevent and restrain, by its enactments, the evil effects upon the state and society.

The statute under consideration belongs to this class of legislation. Its object was to curtail the traffic, show legislative disapproval, and to a certain extent provide revenue to aid in ameliorating the evils which the trade has never failed to entail upon the community. It was for these purposes the tax upon the business was authorized, and for the enforcement of its collection the penalty in this case was imposed. Under the decision of this Court the law is not in conflict with our Constitution. *Youngblood v. Sexton* 32 Mich. 406; *Kitson v. Mayor of Ann Arbor* 26 Mich. 325.

The Constitution of the United States, in paragraph 3 of sec. viii, Art. I, provides that Congress shall have power to regulate commerce with foreign nations and among the several states, and counsel claim the statute is obnoxious to this provision of the Federal Constitution. I have failed to discover the conflict claimed. The question of foreign commerce is not involved in this case; the constitutional provision relating to commerce between states only is invoked.

The statute does not prohibit the introduction and sale of liquors made outside the State. It simply taxes the person who carries on the business here by making sales in this State. It in no way interferes with the introduction of the liquors here. It tolerates and regulates, but seeks not to prohibit. I think in this case no question can be successfully made under this clause of the Constitution until the point has been reached where regulation ceases and prohibition begins. A state may pass all such laws as she may deem necessary or desirable for the safety, health or morals of her people, and may use whatever means she may think proper to that end, provided she does not antagonize any law of Congress. *Commonwealth v. Kimball* 24 Pick. 363; *License Cases* 5 How. 575.

The use of intoxicating liquor, from the earliest ages, has ever been regarded as a thing not be encouraged. The ancients used wine in its simplest form, but since the discovery of alcohol it has required all the power the government can exert to regulate and control its demoralizing effects. The train of evils which mark the progress of intemperance through the later years is too obvious to require comment. "It brings with it degradation of character, impairs the moral and physical energies, wastes the health, increases the number of orphans, paupers, insane and criminals, undermines the morals, and sinks its victims to the lowest depths of vice and profligacy." The excessive use of the article has always fallen under universal condemnation, and its use has long been so closely connected with its abuse as to render legal prohibition or regulation absolutely necessary for the protection of society. Prohibition has been tried in this State. Failing, however, to accomplish the result desired, the people have resorted to the more usual means of regulation and taxation, which clearly come within the proper exercise of the police power of the State. State legislation taxing the sale of intoxicating liquors has been held valid and constitutional, under the police power of the State, in every state where the question has been raised, and by the Supreme Court of the United States. *Bartemeyer v. Iowa*

18 Wall. 129 : *License Cases* 5 How. 504 ; *Gibbons v. Ogden* 9 Wheat. 205 ; *Passenger Cases* 7 How. 283.

In this case taxation alone is under consideration. The importation and sale in this State are in no manner abridged. The outside manufacturer's agent is entitled to all the rights and privileges that are secured to the resident of the State. In fact, this statute is more favorable to him than the resident manufacturer. The former, selling or soliciting the sale of intoxicating liquors at wholesale, to be shipped to this State, is required to pay a tax of $300, and $100 for malt, brewed or fermented liquors, (How. Stat. § 1277) ; the latter, who sells intoxicating liquors at wholesale, must pay a tax of $500, and for malt, brewed or fermented liquors, a tax of $200. How. Stat. § 1281.

It seems difficult to discover any unjust discrimination against citizens of other states under the provisions of this Act. *Woodruff v. Parham* 8 Wall. 123. The tax is against the person who makes the sale, who carries on the business of selling here, and not the dealer who furnishes and ships the goods. It is not a tax upon commerce within the constitutional provision cited ; nor does it interfere with any law or right of Congress ; nor is it an attempt to regulate commerce between this and other states. The right of a state to tax occupations generally is recognized in *Brown v. Maryland* 12 Wheat. 444 ; *Nathan v. Louisiana* 8 How. 80 ; *Peirce v. New Hampshire* 5 How. 593 ; *Hinson v. Lott* 8 Wall. 148 ; *Machine Co. v. Gage* 100 Wall. 676.

The third point made against the Act is that it contravenes paragraph 1 of sec. ii, art. IV, which reads as follows : " The citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states." In commenting upon this clause of the Constitution, Chief Justice Cooley, in his work on Taxation [p. 64], says : " Among these privileges and immunities is that of being exempt in other states from higher taxes or impositions than are paid by the citizens of such other states. Under this provision, while it is entirely admissible to levy taxes upon the business or property of non-resident traders within the state, it is not competent to

require them to take out a license and to pay therefor a sum greater than that demanded of residents." In these views I fully concur; but I am unable to see how they can be made to support the views of counsel for defendant. The right to tax the business or property of the non-resident in this State is fully sustained, and no license is required to be taken. Nothing is required of him that is not required of the resident vendor.

The argument of defendant's counsel, that the non-resident must pay a tax for every servant or agent he may have making sales for him, is specious. There is nothing to prevent the non-resident manufacturer or dealer from engaging in the business of selling, and paying his tax and employing as many servants or agents as he may choose to assist him. It is the person who pays the tax that is permitted to do the business, and is, of course, on his complying with the law, allowed to carry on the business to any extent he chooses, and of course may employ or use the necessary help for that purpose. I do not regard the statute obnoxious to this clause of the Constitution. So long as the person paying the tax stands on the same footing as the resident, both as to sales made and quantity sold, there is no discrimination against the non-resident. *Guy v. Baltimore* 100 U. S. 438; *Ward v. Maryland* 12 Wall. 418.

The remaining point made by defendant's counsel is that the statute violates paragraph 2 of sec. x of Art. I of the Constitution, which prohibits the states, without the consent of Congress, laying any tax or duties on imports or exports, except such as may be absolutely necessary for executing its inspection laws. The duties referred to in this section relate solely to the duties upon foreign and imported articles, and do not refer to taxes in the nature of those mentioned in this statute, or to special taxes which grow out of the internal police regulations of the State; the terms "imports" and "exports" do not refer to goods brought from one state into another, but only to articles imported from or exported to foreign countries. *Brown v. Maryland* 12 Wheat. 454;

*Woodruff v. Parham* 8 Wall 123; *License Cases* 5 How. 593.

We find no error in the record and the conviction must be affirmed.

The other Justices concurred.